IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VANTAGE TRAILERS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-3008 |
| | § | |
| BEALL CORPORATION, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM AND ORDER ON ATTORNEY'S FEES AND COSTS

This case was dismissed by Memorandum and Order dated January 31, 2008 (Document No. 59), for want of subject matter jurisdiction. When Plaintiff Vantage Trailers, Inc. ("Plaintiff") filed the suit, Plaintiff had no fixed design for its bottom-dump trailer and its marketing and sales activities had progressed insufficiently to give rise to the requisite case or controversy. Id. at 10-17.

Now pending are Defendant Beall Corporation's ("Defendant") Motion for Attorney's Fees (Document No. 82), and Plaintiff's Objection to and Motion to Vacate the District Clerk's Taxation of Costs (Document No. 83).[1] After carefully considering the motions,

---

[1] Additionally, Plaintiff moved for an evidentiary hearing on Defendant's motion for attorney's fees. Document No. 95; Document No. 103. The parties' extensive written submissions on these motions render a hearing unnecessary. Moreover, "[a] request for attorney's fees should not result in a second major litigation." Hensley v. Eckerhart, 103 S. Ct. 1933, 1941 (1983). Accordingly, Plaintiff's request for an evidentiary hearing is DENIED.

responses, replies, sur-reply, and sur-response, the Court concludes as follows.

## I. Defendant's Motion for Attorney's Fees

Defendant seeks all its attorney's fees, non-taxable costs, and expert fees incurred in this matter, or in the alternative, $318,454.00 in fees and $49,157.27 in non-taxable costs and expert fees incurred from December 1, 2006 until dismissal of the case on January 31, 2008, relying on the Lanham Act, 15 U.S.C. § 1117(a), Fed. R. Civ. P. 37(c)(2), 28 U.S.C. § 1927, and the Court's inherent authority.

### A. Lanham Act

Defendant relies in part on the Lanham Act, 15 U.S.C. § 1117(a) as a basis for recovering attorney's fees. Document No. 82 at 6-10. That statute authorizes an award of reasonable attorney's fees "to the *prevailing party*" in "exceptional cases . . . ." § 1117(a) (emphasis added). The phrase, "prevailing party," is interpreted consistently across all federal fee-shifting statutes. *See* Former Employees of Motorola Ceramic Prods. v. United States, 336 F.3d 1360, 1364 (Fed. Cir. 2003); *see also* Johansen v. United States, 506 F.3d 65, 70 (1st Cir. 2007). "'[T]o be a prevailing party, one must receive at least some relief on the merits, which alters . . . the legal relationships of the

parties.'"  Inland Steel Co. v. LTV Steel Co., 364 F.3d 1318, 1320 (Fed. Cir. 2004)); *see also* Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Servs., 121 S. Ct. 1835, 1838-40 (2001) (construing fee-shifting provisions under the FHAA and ADA to require that a party have secured a judgment on the merits or a court-ordered consent decree to qualify as a "prevailing party").

Here, the suit was dismissed for a lack of subject matter jurisdiction; the court had no authority to adjudicate the merits. *See* Cook v. Peter Kiewit Sons Co., 775 F.2d 1030, 1035 (9th Cir. 1985).  Because there was no decision on the merits, the legal relationship between the parties was not altered so as to support an award of attorney's fees under § 1117(a).  *Cf.* Torres-Negron v. J & N Records, LLC, 504 F.3d 151, 164 (1st Cir. 2007) (holding dismissal for want of subject matter jurisdiction did not entitle the defendant to a fee award under the Copyright Act); True Ctr. Gate Leasing, Inc. v. Sonoran Gate, L.L.C., 402 F. Supp. 2d 1093, 1011 (D. Ariz. 2005) (declining to grant fees pursuant to § 1117(a) in a trademark case dismissed for lack of jurisdiction). Accordingly, Defendant's request for fees under § 1117(a) is denied.

B.   Fed. R. Civ. P. 37(c)(2)

Defendant claims that Plaintiff frivolously objected to and then falsely denied six separate Rule 36 Requests for Admissions in

its July 13, 2007 responses, thereby warranting the imposition of sanctions pursuant to Fed. R. Civ. P. 37(c)(2). Document No. 82 at 3-4; Document No. 97 at 7 n.3 (citing Plaintiff's responses to Requests for Admission Nos. 3, 6, 9, 11, 15, and 22 as a basis for sanctions). Rule 37(c)(2) provides for sanctions against a party for improperly denying a request for admissions that is later proven to be true. FED. R. CIV. P. 37(c)(2); <u>Mims v. Cent. Mfrs. Mut. Ins. Co.</u>, 178 F.2d 56, 59 (5th Cir. 1950) (discussing Rule 37(c)(2)). The rule mandates the imposition of "reasonable expenses, including attorney's fees, incurred in making that proof," unless any of the following exceptions apply:

    (A)  the request was held objectionable under Rule 36(a);
    (B)  the admission sought was of no substantial importance;
    (C)  the party failing to admit had a reasonable ground to believe that it might prevail on the matter; or
    (D)  there was other good reason for the failure to admit.

Fed. R. Civ. P. 37(c)(2); *see also* <u>Harolds Stores, Inc. v. Dillard Dep't Stores, Inc.</u>, 82 F.3d 1533, 1555 (10th Cir. 1996) (explaining that the rule "mandates an award of expenses unless the court finds that an exception applies").

The Court has examined the disputed responses and finds that (1) two are arguably not demonstrably false, *see* Document No. 82 ex. 5 at 2, 4 (Request Nos. 3 & 15); (2) one is a false denial that should not have been made, *see* <u>id.</u> at 5 (Request No. 22), but is

4

substantially offset by Plaintiff's truthful responses to other requests for admissions and to interrogatories, *see* id. at 5 (Request No. 21); id. ex. 6 at 5; and (3) others, though false, *see* Document No. 82 ex. 5 at 3 (Request Nos. 9, 11), are not directly relevant to the controlling issue and, hence, are not sanctionable under Rule 37(c)(2), *see* Document No. 79 at 9; *see also, e.g.*, S.E.C. v. Happ, 392 F.3d 12, 34 (1st Cir. 2004) (explaining that an issue is of substantial importance within the meaning of Rule 37(c)(2)(B) "when it is material to the disposition of the case").

Plaintiff's form objection to and false denial of Request No. 6, however, that it "admit that [Plaintiff] does not have any orders for trailers of the design(s) shown in VA 000 126-137 to date," was directly relevant to whether this case presented a justiciable case or controversy.  *See* Document No. 79 at 14-16. Plaintiff's form objection to the request as "vague and/or ambiguous" was unfounded.  The ordinary meaning of the term "order" in this commercial context is tantamount to an order to purchase, or "purchase order," that is, a true offer by a buyer sufficiently definite so that, if accepted by the seller, a contract is formed for delivery of the goods. *See, e.g.*, Roanoke Cement Co., L.L.C. v. Falk Corp., 413 F.3d 431, 433 (4th Cir. 2005) ("[A] purchase order is generally an offer which may then be accepted or rejected by a seller." (internal quotation marks omitted)); In re Windham Power Lifts Inc., 91 B.R. 598, 602 (Bankr. M.D. Ala. 1988) ("A

purchase order is a true offer and when a purchase order is accepted, signed, and returned, the contract is formed."). Olsen's letter on August 25, 2006, expressing an interest in purchasing Plaintiff's trailers only if unspecified but critical conditions were met, including the trailers' price, quality, and payload capacity, is conditional, equivocal, and indefinite, and cannot reasonably be construed as any kind of an "order" for a specific trailer. *See, e.g.*, Marchand v. Mercy Med. Ctr., 22 F.3d 933, 938 (9th Cir. 1994) (holding "unfounded objections to the wording, instead of admitting" to critical issues of causation in a medical malpractice case supported an award of fees pursuant to Rule 37(c)(2)). Plaintiff's contorted interpretation of "order" to encompass Olson's general and conditional expression of interest would thwart the very purpose of Rule 36 requests for admissions, which is "'to expedite the trial and to relieve the parties of the cost of proving facts that will not be disputed at trial.'" Perez v. Miami-Dade County, 297 F.3d 1255, 1263-64 (11th Cir. 2002) (quoting 8A CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & RICHARD L. MARCUS, FEDERAL PRACTICE & PROCEDURE § 2252 (2d ed. 1969)). Plaintiff's willful failure to make the required admission is sanctionable by requiring Plaintiff to pay reasonable expenses, including attorney's fees, incurred by Defendant in proving that as of the date inquired about, Plaintiff in fact had no orders for trailers as depicted in VA 000126-137.

Defendant argues without citation to authority that *all* of its attorney's fees incurred between December 1, 2006, and January 31, 2008, are recoverable as sanctions.  Document No. 82 at 27.  Plaintiff's false denial of Request No. 6, however, was proven by Olsen's deposition testimony.  Moreover, Olsen's testimony that Plaintiff had sent him drawings of various trailer designs during the latter part of 2006 and early 2007 also substantiated that Plaintiff had no fixed trailer design when suit was filed.  The expenses incurred by Defendant in proving that Olsen in fact had not ordered any trailers, let alone of a particular design, therefore correspond to those costs and attorney's fees related to obtaining Olsen's deposition.

Defendant's redacted billing records identify a total of $896.78 in travel, court reporter, and other expenses related to Olsen's deposition, Document No. 104 ex. A, part 2 at 109-10, 113, but do not itemize the attorney's fees incurred preparing for or in conducting the deposition.[2]  Based upon the two and one-half hours

---

[2] Defendant, asserting attorney-client privilege, submitted three versions of its billing records: (1) a set from which nearly all descriptive information was redacted; (2) a set from which it redacted select portions of the descriptions in some of the billing entries; and (3) an unredacted set of records submitted *ex parte* for the Court's *in camera* review.  Document No. 82 ex. 14; Document No. 104 ex. A.  Plaintiff objects to Defendant's late-filed submission of partially-redacted billing records as an "untimely and unsuccessful attempt to partially alleviate the failure of proof previously noted by [Plaintiff] with respect to [Defendant's]

length of the deposition, the fact that Defendant's attorney is shown to be a Seattle attorney and the deposition was taken in Salt Lake City, the claimed billing rate of the attorney who conducted it (E. Russell Tarleton, $425/hour), it is the judgment of the Court that $4,500 is an appropriate sanction that will compensate Defendant for its reasonable expenses, including attorney's fees, incurred by having to prove the truth of the important and relevant fact wrongfully denied by Plaintiff in the above-described requested admission.

---

Motion for Attorney Fees," and to the unredacted records submitted *ex parte* for *in camera* examination. Document No. 109 at 2-3.

    Although the propriety of redaction of its billing records is at least doubtful, *see* Ideal Electr. Sec. Co. v. Int'l Fidelity Ins. Co., 129 F.3d 143, 152 (D.C. Cir. 1997) (holding an attorney's fees request waives the attorney-client privilege with respect to billing statements and rejecting as inadequate *in camera* review of unredacted billing statements)); Essex Builders Group, Inc. v. Amerisure Ins. Co., No. 6:04-cv-1838-Orl-22JGG, 2007 WL 700851, at **1-2 (M.D. Fla. Mar. 1, 2007) (holding privilege as to contents of billing records was waived upon placing those records at issue with motion for fees and denying a motion to submit the records under seal for *in camera* review), the only entries relevant to the Court's analysis above relate to the deposition of Alan Olsen. Defendant's second redacted version of its billing records is allowed by the Court. Those portions of the records pertinent to the Court's analysis are not redacted and are sufficient to form an opinion on Defendant's attorney's fees and costs. Defendant's unredacted billing records filed *in camera* are disregarded.

C.     28 U.S.C. § 1927

Defendant also contends that on December 4, 2006, Plaintiff's attorneys, Robert M. Bowick, Guy E. Matthews, and C. Vernon Lawson of Matthews, Lawson, Bowick & Al-Azem, PLLC, filed a Declaration of Brian Lemmons, Plaintiff's Vice President, falsely representing that Plaintiff was "working on manufacturing the accused bottom dump trailers to meet an *initial order* of 160 trailers" as of the filing of suit on September 25, 2006, thereby warranting attorney's fees under 28 U.S.C. § 1927.  Document No. 16 at 20; Document No. 17 ex. 2 at 2 ¶ 4; Document No. 82 at 23.

Section 1927 authorizes the imposition of sanctions against an attorney who "multiplies the proceedings in any case unreasonably and vexatiously . . . ."  28 U.S.C. § 1927.  This statute is "penal in nature, and in order not to dampen the legitimate zeal of an attorney in representing his client, § 1927 is strictly construed."  Travelers Ins. Co. v. St. Jude Hosp., 38 F.3d 1414, 1416 (5th Cir. 1994) (citations omitted).  "[I]mposition of sanctions under § 1927 requires 'a clear showing of bad faith on the part of an attorney,' and that bad faith may be inferred 'only if actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay.'"  Salovaara v. Eckert, 222 F.3d 19, 35 (2d Cir. 2000) (quoting Shafii v. British Airways, PLC, 83 F.3d 566, 571 (2d Cir. 1996)).  Plaintiff's counsel should not have filed Lemmons's

craftily worded and misleading affidavit, and they deserve the disapprobation of the Court for tolerating or, worse, enabling Lemmons's conduct. Nonetheless, Defendant has not made the exacting requisite showing that Plaintiff's counsel multiplied proceedings in bad faith such as to warrant sanctions under § 1927. Moreover, Plaintiff's continued prosecution of the suit, though ultimately unsuccessful, does not constitute sanctionable conduct. *See, e.g.*, Waymark Corp. v. Porta Sys. Corp., 334 F.3d 1358, 1366 (Fed. Cir. 2003) (explaining that "[s]omething more than a lack of merit is required" to support sanctions under § 1927 (internal quotation marks omitted)). Accordingly, Defendant's request for attorney's fees as sanctions under § 1927 is denied.

II.  Plaintiff's Objection to and Motion to Vacate Costs

Plaintiff objects and moves the Court to vacate the District Clerk's taxation of costs in the amount of $9,116.52 on February 15, 2008. Document No. 81 at 1-2. Plaintiff filed its objections to the bill of costs six days after Defendant filed its bill of costs, and five days after the clerk taxed costs to Plaintiff. *See* FED. R. CIV. P. 6(a). Plaintiff's objection was therefore timely under Fed. R. Civ. P. 54(d), which requires that objections be filed within five days after the clerk taxes costs, but was not timely under Local Rule 54.2, which prescribes five days after the bill of costs is filed. Because the deadline under the Local Rules

10

for filing objections to a bill of costs is not jurisdictional, *see* McLeod, Alexander, Powel & Apffel, P.C. v. Quarles, 894 F.2d 1482, 1488 n.6 (5th Cir. 1990), the Court has discretion to review the costs taxed.  *Cf.* Neutrino Dev. Corp. v. Sonosite, Inc., Civil Action No. H-01-2484, 2007 WL 998636, at *2 (S.D. Tex. Mar. 30, 2007) (Rainey, J.) (similarly exercising discretion to review the taxation of costs when the plaintiff's objections were timely under Rule 54(d)(1)).[3]

The clerk of court evidently taxed costs under Rule 54(d)(1), which allows an award to a "prevailing party."  As observed above, Defendant is not a prevailing party because the Court's dismissal for want of subject matter jurisdiction did not alter the legal relationship between the parties.  Therefore, Defendant is not entitled to an award of costs pursuant to Rule 54(d)(1).  *See* Miles v. California, 320 F.3d 986, 988 (9th Cir. 2003); United States ex rel. Atkinson v. Penn. Shipbldg. Co., Civil Action No. 94-7316, 2007 WL 4270622, at *1 (E.D. Pa. Dec. 3, 2007) (vacating the clerk's taxation of costs pursuant to Rule 54(d)(1) when case was dismissed for lack of subject matter jurisdiction).  Accordingly, the clerk's taxation of costs under Rule 54(d)(1) must be vacated.

---

[3] Defendant further contends that even if Plaintiff's objection to the bill of costs is considered, the Court should disregard Plaintiff's supporting brief later filed on March 5, 2002. Document No. 91 at 3.  However, that brief merely explicates and cites additional authority for the objections that were timely raised under Rule 54(d)(1), and is considered.

Under 28 U.S.C. § 1919, however, the Court may order the payment of "just costs" when a suit is dismissed for want of jurisdiction. *See* Religious Tech. Ctr. v. Liebreich, 98 F. App'x 979, 986-87 & n.24 (5th Cir. 2004) (unpublished opinion) (citing Miles and explaining that cost orders under § 1919 are "purely *permissive*"); Miles, 320 F.3d at 988 n.2; C.H. v. Nw. Indep. Sch. Dist., No. 4:07-CV-444, 2008 WL 2962140, at *3 (explaining that an award of costs in a suit dismissed for want of jurisdiction is governed by 28 U.S.C. § 1919); United States ex rel. Atkinson, 2007 WL 4270622 at *1 (same). Stated differently, unlike Rule 54(d), there is no presumption in favor of a cost award under § 1919. *See* Callicrate v. Farmland Indus., Inc., 139 F.3d 1336, 1340 n.8 (10th Cir. 1998) (recognizing this distinction); *see also* Hygienics Direct Co. v. Medline Indus., Inc., 33 F. App'x 621, 625 (3d Cir. 2002) (unpublished opinion) (same).

The Court has considered whether costs should be taxed under § 1919, and finds no just costs that should be shifted from Defendant to Plaintiff other than those included in the sanction separately ordered herein.

### III. Order

For the foregoing reasons, it is

ORDERED that Plaintiff Vantage Trailers, Inc.'s Objection to and Motion to Vacate the District Clerk's Taxation of Costs

(Document No. 83) is GRANTED, and the District Clerk's taxation to Plaintiff on February 15, 2008 of costs in the amount of $9,116.52 is hereby VACATED.

It is further ORDERED that Defendant Beall Corporation's Motion for Attorney's Fees (Document No. 82) is GRANTED IN PART, and Plaintiff Vantage Trailers, Inc., shall pay to Defendant Beall Corporation expenses, including attorney's fees, in the total amount of FOUR THOUSAND FIVE HUNDRED AND NO/100 DOLLARS ($4,500.00), within thirty (30) days after the date of this Order.

The Clerk will enter this Order and provide a correct copy to all parties.

SIGNED at Houston, Texas, on this 28th day of August, 2008.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE